The CONE CORPORATION; J.W. Conner & Sons; Bulger Contracting Co.; Boyce Company; S & E Contractors, Inc.; Woodruff & Sons, Inc.; Suncoast Utility Contractors Association, Plaintiffs-Appellants,

Cone Constructors, Inc.; Dallas I Construction & Development, Inc., Plaintiffs,

v.

HILLSBOROUGH COUNTY; Frederick B. Karl, Defendants-Appellees.

No. 91-4194.

United States Court of Appeals, Eleventh Circuit.

June 23, 1993.

Herbert P. Schlanger, Atlanta, GA, for plaintiffs-appellants.

MacFarlane, Ferguson, Allison & Kelly, Claude H. Tison, Jr., Michael D. Malfitano, Tampa, FL, for defendants-appellees.

Before TJOFLAT, Chief Judge, FAY, KRAVITCH, HATCHETT, ANDERSON, EDMONDSON, COX, BIRCH, DUBINA, BLACK, and CARNES, Circuit Judges, and GODBOLD *, Senior Circuit Judge.

PER CURIAM:

This court voted to hear this case en banc to consider the first issue raised by Cone Corporation and the other plaintiffs-appellants in their petition for rehearing and suggestion of rehearing en banc. Petitioners challenge the authority of the three-judge panel that decided this appeal as an invalidly constituted panel of this circuit under 28 U.S.C. § 46. The panel was comprised of one active circuit judge of the Eleventh Circuit, one senior circuit judge of the Eleventh Circuit, and a visiting judge sitting by designation. *See Cone Corp. v. Hillsborough County,* 983 F.2d 197, *vacated and reh'g en banc granted,* 993 F.2d 784 (11th Cir.1993).

I.

Section 46(b) provides in pertinent part:

§ 46(c).

---

* Senior U.S. Circuit Judge Godbold elected to participate in this decision pursuant to 28 U.S.C.

In each circuit the court may authorize the hearing and determination of cases and controversies by separate panels, each consisting of three judges, at least a majority of whom shall be judges of that court. . . .

Resolution of petitioners' claim requires us to determine the meaning of the phrase "judges of that court." The only other court to consider this issue has held that "judges of that court" includes the circuit's senior judges. *In re Bongiorno,* 694 F.2d 917, 918–19 n. 1 (2d Cir.1982). We agree with the Second Circuit and hold the same.

The current version of section 46 was enacted when Congress passed section 103(b) of the Federal Courts Improvement Act of 1982. "Congress's purpose in enacting § 103(b) was to prevent instability and unpredictability in the law of a circuit that could result if many panels were composed principally of judges from 'outside' the circuit." *Id.* See also S.Rep. No. 97–275, 97 Cong., 2d Sess. 1 (1982), *reprinted in* 1982 U.S.C.C.A.N. 11, 19 (commenting that "district court and court of appeals judges from outside the circuit may not know or may not feel bound by the law of that circuit"). Senior circuit judges of the Eleventh Circuit, however, have been intimately involved in developing the law of this circuit. In fact, many of the current senior circuit judges became charter members of the court in 1981 when this circuit split from the former Fifth Circuit. *See* Fifth Circuit Court of Appeals Reorganization Act of 1980, Pub.L. 96–452, 94 Stat. 1994 (codified at 28 U.S.C. §§ 41, 44, 48). Thus, their presence on panels of this court likely enhances the stability and predictability of the law of the circuit.

This interpretation of section 46(b) is bolstered by another provision of the Judiciary Act which distinguishes between senior circuit judges and judges in regular active service with respect to the composition of the en banc court. Section 46(c) provides for a "senior circuit judge of the circuit" to join the "circuit judges in regular active service" on the en banc court when the court considers a "decision of a panel of which [the senior] judge was a member." Given the special importance of cases decided by the en banc court to establishing law of the circuit, *see*

Fed.R.App.P. 35(a), Congress would not have provided for senior circuit judges to sit on the en banc court if those judges were not considered "judges of the court." By contrast, section 46(c) does not authorize a visiting judge sitting by designation to participate in the en banc court when the court rehears a case in which the visiting judge had taken part.

Because a senior circuit judge is a "judge of [the] court," a panel comprised of an active Eleventh Circuit judge, a senior circuit judge of this circuit, and a visiting judge sitting by designation meets the requirement of section 46(b) that the panel be comprised of three judges, "at least a majority of whom shall be judges of that court." Thus, the panel that decided this case was validly constituted under the statute.

## II.

After the court voted to hear this case en banc, the Supreme Court issued its opinion in *Northeastern Florida Contractors v. Jacksonville,* —— U.S. ——, 113 S.Ct. 2297, 124 L.Ed.2d 586 (1993). At issue in *Northeastern Florida* was the standing of a contractors association to challenge the City of Jacksonville's minority business enterprise (MBE) participation program. The Court, conferring standing on the association, held that

> [w]hen the government erects a barrier that makes it more difficult for members of one group to obtain a benefit than it is for members of another group, a member of the former group seeking to challenge the barrier need not allege that he would have obtained the benefit but for the barrier in order to establish standing. The "injury in fact" in an equal protection case of this variety is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit.

*Id.* at ——, 113 S.Ct. at 2303. Because the Supreme Court's decision involves the issues raised in this appeal, we REMAND this case to the panel to reconsider its opinion in light of *Northeastern Florida.*